UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv126-FDW

| ENRIQUE CARDENAS ZAVALA, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MIKE SLAGLE, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Enrique Cardenas Zavala's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I. BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was convicted by a Catawba County jury on October 19, 2007, of second-degree murder, assault with a deadly weapon inflicting serious injury, driving while impaired, driving after consuming alcohol while less than 21 years of age, and failure to stop at a red light, all stemming from the same accident. State v. Cardenas-Zavala, 720 S.E.2d 459, 2011 WL 6555212 (N.C. Ct. App. 2011) (unpublished). Additionally, the jury found the existence of an aggravating factor -- serious injury to another person caused by Petitioner's impaired driving at the time of the offense. Id. The court sentenced Petitioner to 141 to 179 months' imprisonment for the charge of second-degree murder, and 22 to 36 months' imprisonment for the remaining charges. Id.

Defendant did not file a timely notice of appeal but petitioned the North Carolina Court of Appeals on September 30, 2010, for a writ of certiorari under North Carolina Rule of Appellate Procedure 21. (Def.-Appellant's Br., State v. Cardenas-Zavala, No. COA11-599, 2011

1

WL 2618010, at *1 (N.C. Ct. App. filed June 20, 2011).) The petition was allowed, and on December 21, 2011, the appellate court issued its opinion finding no error in Petitioner's trial and sentencing. Cardenas-Zavala, 720 S.E.2d 459, 2011 WL 6555212, at *3. The North Carolina Supreme Court subsequently denied discretionary review. State v. Cardenas-Zavala, 735 S.E.2d 175 (N.C. Dec. 12, 2012) (Mem).

Petitioner filed a Motion for Appropriate Relief ("MAR") dated September 17, 2014, in the Superior Court of Catawba County. (MAR 1-26, Doc. No. 1-1.) It was denied on October 27, 2014. (State's Resp. to Cert. Pet., State v. Cardenas-Zavala, No. P15-523, 2015 WL 4484225 (N.C. Ct. App. filed July 16, 2015.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on July 7, 2015, seeking review of the denial of his MAR. (State's Resp. to Cert. Pet., supra.) Although he does not provide a date for the appellate court's decision, Petitioner states that his certiorari petition was denied. (Pet., supra, at 4.) Petitioner filed the instant habeas Petition on October 8, 2015, when he signed and placed it in the prison mailing system. (Pet., supra, at 15, Doc. No. 1.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Judgment was entered in Petitioner's case on October 9, 2007, when he was sentenced. Petitioner then had 14 days to file a notice of appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he failed to do. Therefore, his conviction became final on October 23, 2007, when the time for seeking direct review expired. See § 2244(d)(1)(A). The federal statute of limitations proceeded to run for 365 days until it fully expired on October 23, 2008, more than seven (7) years before Petitioner placed the instant habeas petition in the prison mailbox.

Petitioner's September 30, 2010 petition for writ of certiorari seeking appellate review of his October 9, 2007 judgment did not resurrect his direct appeal or restart the federal statute of limitations. See generally, Saguilar v. Harkleroad, 348 F. Supp.2d 595, 599 (M.D.N.C. 2004). North Carolina Rule of Appellate Procedure 21(a)(1) allows the appellate court, in appropriate circumstances, to issue the writ of certiorari to permit review of the judgments and orders of trial courts when the right to prosecute an appeal has been lost by failure to take timely action. N.C. R. App. P. 21(a) (2009). A request pursuant to N.C. R. App. P. 21(a) is a request for extraordinary review and is outside the ordinary direct review process. See Saguilar, 348 F.

Supp.2d at 599. Consequently, N.C. R. App. P. 21(a) petitions for certiorari do not determine the finality of convictions or the beginning of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1). See § 2244(d)(1)(A).

Likewise, Petitioner's September 17, 2014 MAR and subsequent state court proceedings neither tolled nor restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000). Therefore, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition is time-barred.

Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Petitioner, however, has not demonstrated that he diligently pursued his legal rights in the state courts prior to filing his federal habeas petition. Notably, he did not seek to appeal his convictions until three years after judgement was entered, and he did not file his MAR until almost two years after discretionary review of his convictions and sentences had concluded. Petitioner argues that ignorance of his legal rights and a lack of access to legal resources should excuse his failure to diligently pursue his legal rights and timely file his federal habeas petition. (Pet., supra, at 13.)

Unfamiliarity with the legal process and lack of legal representation do not constitute grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")). Furthermore, although North Carolina prisons do not have law libraries, prisoners have access to North Carolina Prisoner Legal Services ("NCPLS"), which is

4

staffed by persons trained in the law. See Bounds v. Smith, 430 U.S. 817, 828 (1977), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). "North Carolina's decision to utilize [NCPLS] in lieu of providing prison libraries at all of its correctional facilities is hardly an extraordinary circumstance unique to petitioner." Bryant v. Hines, No. 5:12–HC2061–F, 2013 WL 427101, at *5 (E.D.N.C. Feb.4, 2013) (unpublished). Moreover, nothing in the Petition indicates that Petitioner ever contacted NCPLS for legal assistance.[1] Petitioner cannot demonstrate that the legal resources available to him were inadequate if he made no attempt to avail himself of those resources.

Petitioner also argues that his Petition should not be time-barred because, he asserts, he is actually innocent of second-degree murder. (Pet., supra, at 13.) In McQuiggin v. Perkins, the Supreme Court recognized a "miscarriage of justice" exception to § 2244(d)(1)(D). 133 S.Ct. 1924, 1928 (2013). Under that exception, a credible showing of actual innocence may allow a petitioner to pursue his constitutional claims on the merits notwithstanding expiration of the statute of limitations. Id. at 1931. To overcome the procedural bar imposed by § 2244(d)(1), however, a petitioner must come forward with evidence of "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Additionally, the

---

[1] Petitioner alleges that NCPLS no longer contracts with the North Carolina Department of Public Safety to provide legal assistance to inmates. According to its website, NCPLS has a contract with the North Carolina Court System's Department of Indigent Services (http://www.ncids.org) to provide inmates in the custody of the North Carolina Department of Public Safety legal services pursuant to Bounds v. Smith, 430 U.S. 817, 828 (1977), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). North Carolina Prisoner Legal Services, http://www.ncpls.org (last checked on November 30, 2015).

miscarriage of justice exception applies only to cases "in which <u>new</u> evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" <u>McQuiggin</u>, 133 S.Ct. at 1933 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)) (emphasis added).

In North Carolina, the elements of second-degree murder are: "(1) the unlawful killing, (2) of another human being, (3) with malice, but (4) without premeditation and deliberation." <u>State v. Coble</u>, 527 S.E.2d 45, 46-47 (N.C. 2000) (citing N.C.G.S. § 14-17; <u>State v. Watson</u>, 449 S.E.2d 694, 699 (N.C. 1994); <u>State v. Griffin</u>, 302 S.E.2d 447, 451 (N.C. 1983)). The State must establish that an act of the defendant was a proximate cause of the death. <u>State v. Doyle</u>, 587 S.E.2d 917, 922 (N.C. Ct. App. 2003) (citations omitted). "[The d]efendant's actions need not be the sole and only proximate cause of the victim's death[, however.] A showing that the defendant's actions were one of the proximate causes is sufficient." <u>Id.</u> (citations omitted).

Petitioner contends that the proximate cause of the decedent's death was the "lack of safety restraints" in the decedent's vehicle, not the accident itself. (Pet., <u>supra</u>, 25.) The State's evidence at trial showed that: 1) Petitioner was impaired by alcohol when he ran a red light and the car he was driving hit a pickup truck occupied by the decedent and her husband; 2) Petitioner was travelling at about 60 miles per hour, at least 25 miles per hour over the posted speed limit, when he hit the truck; 3) the force of the crash separated the truck's engine from the rest of the vehicle; 4) decedent and her husband were thrown from the truck; 5) there were no safety restraints in the truck; 6) the absence of safety restraints was a contributing factor in the decedent and her husband being ejected from the truck; and 7) decedent died from injuries sustained during the accident. (Trial Trs., Doc. Nos. 1-1, 1-2.) Petitioner's argument appears to be that decedent was fatally injured by being ejected from the truck and it was the absence of safety restraints, not the force of the collision, which caused her to be ejected from the truck.

6

As an initial matter, Petitioner's argument concerns legal and evidentiary sufficiency, not factual innocence, as it is undisputed that Petitioner was solely responsible for the collision. Furthermore, Petitioner has not presented any new evidence that he is factually innocent of second-degree murder. See McQuiggin, 133 S.Ct. at 1933. Therefore, the miscarriage of justice exception to § 2244(d)(1) does not apply.

## IV. CONCLUSION

Petitioner has failed to demonstrate that he diligently pursued his legal rights prior to filing the instant Petition and that the circumstances he has cited, either individually or in combination, stood in his way of filing a timely petition. See Pace, 544 U.S. at 418. Likewise, Petitioner has failed to make the necessary showing of actual innocence to overcome the procedural bar imposed by § 2244(d)(1). See McQuiggin, 133 S.Ct. at 1933. Consequently, he is not entitled to equitable or statutory tolling, and the instant Petition shall be dismissed as untimely.[2]

## V. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, Doc. No 1, is **DISMISSED** as untimely; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that when justice requires it, the district court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed. Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his § 2254 petition. (Pet. 13, Doc No. 1.)

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 2, 2015

Frank D. Whitney
Chief United States District Judge